IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHERRON MICHELLE JACKSON, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | No. 4:16-cv-00250-JJV |
| CAROLYN W. COLVIN, | * | |
| Acting Commissioner, Social Security | * | |
| Administration, | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Cherron Jackson, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. Plaintiff initiated this cause of action *pro se*.

Plaintiff previously received benefits but the Commissioner determined her condition had improved and terminated her benefits. (Tr. 86-95.) Plaintiff was entitled to an administrative hearing on the matter and, after a hearing, an Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 12-24.) The Appeals Council denied Plaintiff's request for a review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

The ALJ followed the eight-step sequential evaluation in medical improvement cases. 20 C.F.R. § 404.1594(f). As a preliminary matter, the ALJ found the most recent favorable medical decision that Plaintiff was disabled was dated April 25, 2008 - the comparison point decision. (Tr. 13.) The ALJ next found that, at the time of the comparison point decision, Plaintiff's bipolar disorder resulted in the Residual Functional Capacity (RFC) to perform a full range of work at all exertional levels but with marked limitation interacting appropriately with others, and maintaining concentration, persistence and pace. (Tr. 14.)

With regard to the eight-step evaluation, at step one, the ALJ determined that Ms. Jackson had performed substantial gainful activity through February 1, 2013, the date her disability ended. (*Id.*) At step two, the ALJ determined that, as of February 1, 2013, Plaintiff had developed the additional impairments of affective disorder, anxiety disorder, and personality disorder and she continued to have the same impairment as of the comparison point decision. (Tr. 14-15.) Nevertheless, her impairments did not meet or equal a listed impairment. (*Id.*) Therefore, at step four, the ALJ found that medical improvement occurred as of February 1, 2013. (Tr. 15.) At steps five and six, the ALJ found that, beginning on February 1, 2013, Plaintiff had the RFC to perform

a full range of light work. (*Id.*) Specifically, the ALJ assessed that Plaintiff could lift/carry twenty pounds occasionally and ten pounds frequently; could sit, stand and walk six hours, each, in an eight hour workday and push/pull as much as she could lift/carry; could understand, carry out and remember simple instructions and, could make simple work-related decisions; tasks were to be learned by rote with few variables and little judgment; and interpersonal contact was incidental to the work performed. (Tr. 16.)  Because Plaintiff's disabling impairment present at the time of the comparison point decision had decreased in medical severity, the ALJ determined Plaintiff's medical improvement was related to the ability to work because the improvement resulted in an increase in Plaintiff's RFC.  (Tr. 15.)  At step seven, the ALJ then determined Plaintiff's RFC precluded her from performing her past relevant work. (Tr. 22.)  So, at step eight, with the aid of a vocational expert, the ALJ determined jobs existed in significant numbers in the national economy, that Plaintiff could perform despite her impairments. (Tr. 23.)  Specifically, the ALJ determined Plaintiff could work as a cashier II, with 380,000 national jobs. (*Id*.)  Accordingly, the ALJ found that Plaintiff experienced medical improvement as of February 1, 2013, and was therefore not disabled. (Tr. 24.)

In support of her arguments for reversal, Plaintiff states, "New diagnosis along with previous diagnosis warrants the disability.  Mood disorders and depressive disorder have been added to previous diagnosis.  Bipolar, OCD, anxiety, back pain, abdominal pain, leg, head injuries are previous diagnosis." (Doc. No. 14.)

I find Plaintiff's arguments to be without merit because the ALJ fairly addressed Plaintiff's concerns. (Tr. 14-16.)  The ALJ considered all of the relevant evidence and her conclusions are supported by substantial evidence.  Plaintiff's most recent mental examination wholly fails to support her allegation of disability.  Shannon D. Parsons, Psy.D., performed a Mental Diagnostic Evaluation of Plaintiff. (Tr. 330-334.)  Dr. Parsons diagnosed Plaintiff on Axis I with Malingering.

3

(Tr. 333.)  And there is evidence throughout Plaintiff's evaluation to support this diagnosis.  (Tr. 330, 331, 333.)  Dr. Parsons did note that Ms. Jackson "appears to have significant difficulty in conducting interpersonal relations."  (Tr. 333.)  But she does not seem to be significantly impaired in all other areas of adaptive functioning.  (Tr. 333-334.)

The ALJ properly accounted for Plaintiff's limitations in her RFC assessment when she found Plaintiff "could understand, carry out and remember simple instructions; and, she could make simple work-related decisions.  Tasks would be learned by rote with few variables and little judgment.  Interpersonal contact is incidental to the work performed."  (Tr. 16.)

In addition, Plaintiff has engaged in many normal activities of daily living.  She cares for her children, takes care of household chores, shops, pays bills, and attends church.

I am sympathetic to the fact Ms. Jackson has had a significant change affecting her livelihood.  But this change has occurred because she was engaged in substantial gainful activity.  It is my hope Ms. Jackson will continue on this positive path toward gainful employment.

I find substantial evidence supports the ALJ's determination.  It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion: of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this <u>24th</u> day of August, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE